UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

ANGELA BADURA,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and alleges:

## PRELIMINARY ALLEGATIONS

1. Plaintiff, ANGELA BADURA, is a resident of the state of California.

2. Defendant, CARNIVAL CORPORATION ("Carnival"), is a foreign corporation having its principal place of business in Miami, Florida.

3. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears.

4. Defendant, Carnival, at all material times, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the navigable waters of this state; and

    d. Committed one or more of the acts stated in Fla. Stat. §§ 48.081, 48.181 or 48.193.

5. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

6. Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, *Carnival Inspiration*.

7. Defendant Carnival is subject to the jurisdiction of the courts of this state.

8. At all material times, the causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

9. Plaintiff ANGELA BADURA has complied with all conditions precedent to the filing of this lawsuit.

10. At all material times, Defendant owned, operated, managed, maintained, and/or controlled the vessel, *Carnival Inspiration.*

11. On or about January 23, 2017, Plaintiff ANGELA BADURA was a paying passenger and lawfully aboard the M/V *Carnival Inspiration* which was on navigable waters.

12. At all material times, Carnival allowed a hazard to exist aboard the *Carnival Inspiration* which it knew or should have known was likely to cause injuries to its passengers.

13. On or about January 23, 2017, ANGELA BADURA was severely injured when she fell on a step in a dimly lit and crowded room during the emergency boat drill and mandatory safety briefing.

14. Plaintiff sustained a two-part fracture of her left humerus and suffered serious and permanent bodily injuries as a result of Carnival's negligence.

## COUNT I – NEGLIGENCE

Paragraphs one (1) through fourteen (14) are re-alleged and incorporated herein.

15. It was the duty of Defendant Carnival to provide Plaintiff with reasonable care under the circumstances.

16. On or about January 23, 2017, Defendant Carnival and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

17. Plaintiff was injured due to the fault and/or negligence of Defendant Carnival, and/or its agents, servants, and/or employees as follows:

   a. Failure to utilize a reasonably safe flooring surface in light of the anticipated traffic on the step and deck where Plaintiff fell;

   b. Failure to provide an accessible handrail in light of the anticipated traffic on the step and deck in the area where Plaintiff fell;

   c. Failure to adequately demark the step and/or changes in level so that they were readily apparent to the Plaintiff and other passengers and not hidden and/or camouflaged;

   d. Failure to use contrasting flooring surfaces so as to make the changes in level readily apparent to the Plaintiff and other passengers;

   e. Failure to have adequate lighting at or around the step and/or changes in level so as to make the changes in level readily apparent to the Plaintiff and other passengers;

   f. Failure to adequately warn the Plaintiff of the danger posed by the step;

   g. Failure to adequately warn the Plaintiff of other similar falls previously occurring on the same or substantially similar steps on board the same vessel and/or Defendant's other vessels fleet-wide;

h. Failure to promulgate and/or enforce adequate policies and procedures to ensure that passengers like the Plaintiff are made aware of the danger posed by the step;

i. Failure to analyze prior similar instances of falls occurring on the same and/or substantially similar steps aboard Defendant's vessels fleet-wide involving steps with the same and/or similar flooring surface and/or design as the step involved in Plaintiff's injury so as to remedy the hazardous conditions created by its presence;

j. Failure to analyze prior similar incidents aboard Defendant's vessels fleet-wide involving unmarked, inadequately marked and/or hidden and/or camouflaged steps so as to remedy the hazardous conditions created by their existence;

k. Failure to correct hazardous conditions following prior accidents on the same step and/or deck, and/or substantially similar steps on board the same vessel and/or Defendant's other vessels fleet-wide;

l. Failure to inspect and/or maintain the step in question in a reasonably safe condition, one that would negate or substantially limit the risk that the step posed to Plaintiff;

m. Failure to promulgate and/or enforce adequate policies and procedures to inspect and/or maintain the step in a reasonably safe condition;

n. Failure to promulgate and/or enforce adequate policies and procedures regarding boat drills and safety briefings;

o. Failure to implement adequate crowd control at the assigned muster stations during emergency boat drills and mandatory safety briefings;

p. Failure to have adequate crew directing the passengers at the assigned muster stations during emergency boat drills and mandatory safety briefings;

q. Failure to adequately instruct and/or control passengers at the assigned muster stations

during emergency boat drills and mandatory safety briefings;

r. Failure to have adequate security in terms of numbers and/or training and/or experience;

s. Failure to take steps to identify hazards at the assigned muster stations during emergency boat drills and mandatory safety briefings and implement adequate processes to minimize danger to passengers;

t. Allowing the assigned muster stations to become overcrowded during emergency boat drills and mandatory safety briefings;

u. Failing to warn passengers of the layout of their assigned muster stations during emergency boat drills and mandatory safety briefings;

v. Failing to adequately organize passengers at the assigned muster stations during emergency boat drills and mandatory safety briefings;

w. Failure to designate reasonably safe muster stations during emergency boat drills and mandatory safety briefings; and/or

x. Failure to incorporate applicable standards, including the Americans with Disabilities Act (ADA), to changes in level open to passengers like the Plaintiff.

18. At all material times, Defendant Carnival had exclusive custody and control of the *Carnival Inspiration*.

19. Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

20. As a result of the Defendant's negligence, Plaintiff was injured about Plaintiff's body

and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and her working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of the vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under law against the Defendant and demands a jury trial.

                                                        Respectfully submitted,

                                                        LIPCON, MARGULIES,
                                                        ALSINA & WINKLEMAN, P.A.
                                                        Attorneys for Plaintiff
                                                        One Biscayne Tower, Suite 1776
                                                        Miami, Florida 33131
                                                        Telephone: (305) 373-3016
                                                        Facsimile:  (305) 373-6204

                                                        By: _/s/  Michael A. Winkleman_
                                                             **MICHAEL A. WINKLEMAN**
                                                             Florida Bar No. 36719
                                                             mwinkleman@lipcon.com
                                                             **ADRIA G. NOTARI**
                                                             Florida Bar No. 87272
                                                            anotari@lipcon.com

Dated: October 16, 2017